# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES D. OLSEN,<br><br>    Petitioner,<br><br>vs.<br><br>KEITH YORDY,<br><br>    Respondent. | Case No. 1:14-cv-00462-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner James D. Olsen filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 1.) Petitioner, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c).[1] (Dkt. 4.) Upon initial review of this matter, the Court determined that the Petition for Writ of Habeas Corpus was subject to denial, but the Court provided Petitioner with an opportunity to respond. Petitioner filed a Response, which the Court has reviewed. (Dkt. 7.) The Response contains nothing that causes the Court to reconsider its initial decision that denial of the

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

**MEMORANDUM DECISION AND ORDER - 1**

Petition is appropriate. Accordingly, for the following reasons, the Court will deny the Petition and dismiss this action with prejudice.

## REVIEW OF PETITION

1. **Standard of Law on Initial Review**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **Background**

At issue is Petitioner's 2012 conviction for felony driving under the influence (DUI). Because Petitioner had been convicted of felony DUI charges in 2002 and 2007, Petitioner's 2012 charge was raised from a misdemeanor to a felony under the "charging enhancement" of the DUI statute, I.C. §18-8005(6) (if a person has had two or more prior

**MEMORANDUM DECISION AND ORDER - 2**

DUI convictions within 10 years, subsequent DUI incidents within that time frame are charged as felonies).[2]

Because all three DUIs were felonies, the State also charged Petitioner with being a persistent violator under the "sentencing enhancement" statute, I.C. §19-2514, which provides that, "[a]ny person convicted for the third time of the commission of a felony … shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life."

Petitioner pleaded guilty to both charges. On July 13, 2012, he was sentenced to a prison term of five years fixed, with ten years indeterminate.

On post-conviction review, Petitioner asserted that his conviction and sentence violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, because two enhancements were applied to the same wrongful act.

The Idaho Court of Appeals rejected Petitioner's claim, determining that his conviction and sentence did not violate the Double Jeopardy Clause. (Dkt. 1-1.) The

---

[2] The Petition expressly challenges the charging enhancement under Idaho Code § 18-8005(6); likewise, the Idaho Court of Appeals' opinion addresses that same section of the Idaho Code. In his Response to the Initial Review Order, however, Petitioner asserts that "the [Idaho] Court [of Appeals] examined I.C. § 18-8005(6) rather than I.C. § 18-8005(9), the actual enhancement statute." (Dkt. 7.) Subsection (6) of the statute provides that a current charge is a felony if the defendant had two prior DUI convictions (misdemeanor or felony) within 10 years, while subsection (9) provides that a current charge is a felony if the defendant had one prior DUI felony conviction within 15 years. In any event, the reasoning behind subsections (6) and (9) is the same—those with prior DUI convictions that fit within either subsection are charged with felony DUI. A maximum penalty of 10 years applies to either subsection.

**MEMORANDUM DECISION AND ORDER - 3**

Idaho Supreme Court denied Petitioner's petition for review without a written decision. Hence, Petitioner's claim is properly exhausted. Petitioner has attached the Court of Appeals' opinion to his Petition for the Court's review. (Dkt. 1-1.)

3. **Discussion of Claim**

   A. *Standard of Law for Habeas Corpus Relief*

Where the petitioner files a federal habeas corpus action to challenge a state court judgment, Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies. Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

   1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The source of clearly established federal law that warrants relief must come from only the holdings of the United States Supreme Court. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). Circuit precedent may be used as persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Id*. However, circuit law may not be used "to refine or sharpen a general

principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

The Double Jeopardy Clause of the Fifth Amendment includes three basic protections: it protects a defendant from (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). This case involves the third protection—Plaintiff claims that only one punishment enhancement should have been applied.

The protection against cumulative punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson*, 467 U.S. at 499. Thus, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The Double Jeopardy Clause is not implicated if the legislature *intended* to impose multiple or cumulative punishments. *Id*. at 367-68.

To assess whether habeas corpus review is warranted, the federal district court reviews "the last state-court adjudication on the merits." *Greene v. Fisher*, 132 S.Ct. 38, 45 (2011). The deferential standard of section 2254(d) applies regardless of whether the state court decision "is unaccompanied by an opinion explaining the reasons relief has

been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. When the last adjudication on the merits provides a reasoned opinion, federal courts evaluate the opinion as the grounds for denial. 28 U.S.C. 2254(d).

However, where the state's highest court did not issue a reasoned decision, courts within the Ninth Circuit review the decision of the Idaho Court of Appeals, using the "look through" principle of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), and "presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016).[3]

### B. Idaho Court of Appeals' Decision

Here, the Court reviews the Idaho Court of Appeals' written decision to determine whether the Idaho Supreme Court's decision to deny Petitioner relief on his claims was reasonable. The Court also takes into consideration Petitioner's arguments in its determination of whether the Idaho appellate courts unreasonably denied relief on the

---

[3] The United States Supreme Court recently clarified: "In *Ylst*, we said that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits. 501 U.S., at 803, 111 S.Ct. 2590," but that the presumption can be refuted by "strong evidence." *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605–06 (2016).

federal claims. A petitioner's burden under section 2254(d) is to show "there was *no* reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98 (emphasis added).

The Idaho Court of Appeals determined that, of the two enhancements applied to Petitioner's conviction and sentences, only one was a true sentencing enhancement. The other was a charging enhancement. The Idaho Court of Appeals turned to Idaho precedent interpreting the Idaho statutes to begin its analysis:

> This Court has previously described section 18-8005(6) as a "charging enhancement." *E.g., State v. Moore*, 148 Idaho 887, 890 n.2, 231 P.3d 532, 535 n.2 (Ct. App. 2010). This is because the statute defines "an element that elevates a charge from a misdemeanor offense to a felony offense." *Id*. A sentencing enhancement, on the other hand, "authorizes or requires increased penalties for a misdemeanor or a felony in certain circumstances but does not, in the case of a misdemeanor, elevate the crime to a felony." *Id*. The persistent violator enhancement in section 19-2514 does not create a new crime, but the section permits the court to impose a greater sentence for the conviction at issue (but not the prior convictions) and is thus a sentencing enhancement. *Lopez v. State*, 108 Idaho 394, 395, 700 P.2d 16, 17 (1985). Sentencing enhancements thus provide for a single, more severe penalty, rather than multiple penalties. *State v. Galaviz*, 104 Idaho 328, 330, 658 P.2d 999, 1001 (Ct. App. 1983).

(Dkt. 1-1, p. 5.)

The Idaho Court of Appeals also explained that the legislature had two different purposes for the enhancements: Section 18-8005(6) removes repeat DUI offenders from the roadways and deters other potential multiple DUI offenders, while section 19-2514

deters "felony recidivism by assigning a more severe punishment than a first-time felony offender would be subject to." (Dkt. 1-1, p. 5.) In addition, the Court noted that "neither section contains language that would limit the application of both the charging enhancement and the sentencing enhancement." (*Id.*)

### C. Analysis

To support his Double Jeopardy Clause claim, Petitioner argues: "The presumption is that legislatures do not intend to authorize cumulative punishment for the same conduct." He cites *Ball v. United States*, 470 U.S. 856 (1995), which sets forth this basic presumption and explains how to determine legislative intent. *Ball* relies on *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which instructs that the appropriate inquiry to determine whether Congress intended the same conduct to be punishable under two criminal provisions is to ask "whether each provision requires proof of a fact which the other does not." *Ball*, 470 U.S. at 861. For example, in *Ball,* the two convictions—possessing and receiving a firearm—violated *Blockburger* because "proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." 470 U.S. at 862 (emphasis in *Ball).*

Here, legislative intent can be gleaned from the fact that the charging enhancement requires proof of commission of two prior *DUI convictions*, while the sentencing enhancement requires proof of commission of two prior *felonies*. True to the different

**MEMORANDUM DECISION AND ORDER - 8**

statutory purposes, only the DUI charging enhancement would have been applicable had Petitioner accrued two misdemeanor DUIs and one felony, while the sentencing enhancement could be applied only to three felonies (of any type). While it can be argued that one enhancement does not necessarily include the same "elements" (convictions v. felonies) as the other, under the *Blockburger* and *Ball* analyses, it is more fitting to distinguish the two statutes by viewing one as a substantive crime and the other as a penalty enhancement.

> In a similar case, the Idaho Court of Appeals explained:
>
> Idaho Code Section 19–2514 is a sentencing enhancement because it does not alter the elements of the offense but increases the permissible punishment by requiring a minimum term of confinement of five years, which term may extend to life, for any person convicted for the third time of the commission of a felony. The state need only prove that the defendant has two or more prior felony convictions.
>
> Idaho Code Section 18–8005(7), which elevates what would otherwise be a misdemeanor to a felony, is not a sentencing enhancement like I.C. § 19–2514. [The petitioner's] argument is analogous to saying that aggravated battery (a felony) is an "enhancement" of misdemeanor battery. However, like aggravated battery and misdemeanor battery, the crimes of felony DUI and misdemeanor DUI are separate substantive crimes that have some elements in common.

*State v. Smith*, Op. No. 38232, 2011 WL 11048161, at *2 (Idaho Ct. App. Oct. 21, 2011) (unpublished).

Petitioner's argument that the Idaho courts sometimes confuse the alleged "charging" enhancement with being a "sentencing" enhancement does not bear on the analysis required by *Ball* or *Blockburger*—those cases are concerned with effect more than classification nomenclature to show legislative intent. Similarly confusing is the fact that, even though the Idaho courts have characterized the DUI enhancement as a "charging" enhancement, that portion of the statutory scheme is titled "Penalties." Again, this issue is resolved the same way under *Blockburger*—the important question is whether the legislature intended to impose both enhancements or "penalties."

In short, if a legislature's intent is to punish twice, then the *Blockburger* rule does not prevent that outcome. *Id*. at 691-94. In *Whalen v. United States*, 445 U.S. 684 (1980), the Court emphasized that the legislature is "clearly free to fashion exceptions to the [*Blockburger*] rule," but a "court, just as clearly, is not." *Id*. at 695. Idaho is free to punish repeat DUI offenders to deter drinking and driving, and to punish repeated felony convictions to deter all types of serious crimes.

Petitioner's other cited authorities do not stand for the propositions he espouses. Both *Whalen v. United States* and *Rutledge v. United States*, 517 U.S. 292 (1996), hold that a person cannot be convicted and punished for two different offenses when "one is a lesser included offense of the other." *See Rutledge*, 517 U.S. at 297. That fact pattern simply does not exist in Petitioner's case.

Petitioner's reliance on *Begay v. United States*, 553 U.S.137 (2008), which was not a double jeopardy case, is also unhelpful. Even though the United States Supreme Court discussed the convergence of a sentencing enhancement with a DUI conviction in *Begay*, that decision was based on an entirely different law, the federal Armed Career Criminal Act of 1984 (ACCA). *See Fultz v. Holland*, No. 0:11-CV-26-HRW, 2011 WL 3101094, at *3 (E.D. Ky. July 25, 2011) (*Begay* applies *only* to sentence enhancements under either the ACCA or 18 U.S.C. § 3559(c).) In addition, the type of statutory analysis[4] done in that case was overruled by *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the ACCA's residual clause was void for vagueness.

Neither *Begay* nor *Johnson* have anything to do with the facts of, or law related to, Petitioner's state-law sentences—and reliance upon loose analogy is fatal to a federal habeas corpus claim. As the Supreme Court admonished in *Marshall v. Rodgers*, if a petitioner is attempting to extend, refine, or sharpen "a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced," that goal is beyond the scope of federal habeas corpus relief under §2254(d). 133 S. Ct. at 1450. Because *Begay* did not address a particular circumstance like Petitioner's, habeas corpus relief is unwarranted on that basis.

---

[4] The Court rejected *Begay*'s "categorical approach," where "a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson*, 135 S.Ct. at 2557.

**MEMORANDUM DECISION AND ORDER - 11**

Petitioner next argues that Idaho Code § 19-2520E, titled "Multiple enhanced penalties prohibited," demonstrates that the Idaho legislature intends to prohibit all multiple enhanced penalties. The body of the statute states otherwise: "Notwithstanding the enhanced penalty provisions in sections 19-2520, 19-2520A, 19-2520B and 19-2520C, Idaho Code, any person convicted of two (2) or more substantive crimes provided for in the above code sections, *which crimes arose out of the same indivisible course of conduct*, may only be subject to one (1) enhanced penalty" (emphasis added).

Contrary to Petitioner's argument, this statute specifically shows that the legislature chose which enhancements could not be "stacked." Petitioner was not convicted of two or more *substantive crimes* in 2012 for which he was punished, and, therefore, the Court need not reach his argument about whether his enhancements stem from an "indivisible course of conduct." The anti-stacking statute addresses only substantive crimes, and the three strikes sentencing enhancement is not a substantive crime. *See, e.g., Apprendi v. New Jersey* 530 U.S. 466, 496 (2000) ("recidivism does not relate to the commission of the offense"); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 230, 239-47 (1998) (concluding that a penalty provision that authorizes a court to increase the sentence for a recidivist does not define a separate crime).

Petitioner also suggests there are several possibilities for interpreting the two enhancement statutes, based on different rationales. "There is nothing to suggest they

clearly authorized, or even anticipated, that repeat felony DUI offenders would also be in jeopardy of another increase under career criminal laws," he surmises. (Dkt. 7, p. 13.) While searching for alternative reasonable bases for a court's conclusion is appropriate under *Richter*, the somewhat surprising result under that case is that showing different outcomes are reasonable does *not* warrant habeas corpus relief.

A federal habeas court cannot grant relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Under *Richter*, if fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1), because it is not objectively unreasonable. *See* 562 U.S. at 101. The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Here, the Idaho Court of Appeals reached an objectively reasonable conclusion on the double jeopardy question; this Court agrees that the Idaho Court of Appeals' decision is in harmony with federal double jeopardy precedent. Petitioner's alternative outcomes are less in harmony with federal precedent, and he has not convinced the Court that all fairminded jurists would conclude that the state appellate courts were incorrect in denying Petitioner relief on federal double jeopardy grounds. "The ultimate question on

**MEMORANDUM DECISION AND ORDER - 13**

habeas ... is not how well reasoned the state court decision is, but whether the outcome is reasonable." *Hurtado v. Tucker*, 245 F.3d 7, 20 (1st Cir. 2001).

### 4. Conclusion

After a second thorough review of the Petition, the Idaho Court of Appeals' opinion attached to the Petition, numerous cases interpreting the Double Jeopardy Clause, and Petitioner's Response to the Initial Review Order, the Court again concludes that Petitioner is not entitled to relief. Petitioner's arguments and legal citations contained in his Response to the Initial Review Order provide no further facts or legal argument that cause the Court to reconsider its decision. The Court has addressed Petitioner's major arguments. All other arguments are rejected as not warranting additional discussion.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus is DENIED. This entire case is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the

Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 31, 2017

/s/ Ronald E. Bush

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge